# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4419 | **DATE** | 12/3/2010 |
| **CASE TITLE** | Fraser Kinley vs. Exelon et al | | |

**DOCKET ENTRY TEXT**

Written opinion. Defendants' motion to dismiss [10] is granted. The complaint is stricken. Plaintiff will have leave to file an amended complaint on or before December 20, 2010.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Fraser Kinley filed a *pro se* complaint of employment discrimination in which he alleged that Defendants–identified as "Exelon, ComEd, BSC Occupational Health" have refused to accommodate his physical disability as required by the Americans with Disabilities Act ("ADA"). Specifically, he contends that he was denied a requested adjustment in his work schedule. He also alleges, without specifics, that his employer "denied multiple Doctor's request for FMLA [leave pursuant to the Family and Medical Leave Act]." Mr. Kinley's complaint does not identify the nature of his disability or the need for the adjustment in his work schedule; nor has he provided details concerning when, to whom, or why he requested FMLA leave.

Defendants were never properly served, but have waived service and have moved to dismiss the complaint for several reasons. The court need not assess the merits of all of these arguments, as Mr. Kinley's allegations are insufficient to put the Defendant on fair notice of the nature of his claims or the ground on which they rest. As noted, he has provided no information concerning the requests for FMLA leave that he claims were denied. To the contrary, in his charge of discrimination, Mr. Kinley alleged that he did take a leave: He asserted that he requested an accommodation of his disabilities on February 3, 2006 and took a leave of absence starting on February 13 of that year. When or whether he ever requested a further leave of absence; whether he was entitled to additional leave; who it was that refused to allow such additional leave; why leave was necessary – all of these circumstances are unexplained. The FMLA allegations are plainly insufficient.

Nor are Mr. Kinley's allegations sufficient to state claim under the Americans with Disabilities Act. ("ADA") He has not identified the nature of his alleged disability. He has alleged that he requested an adjustment in his work schedule "to accommodate my being out in inclement weather," but according to his charge of discrimination, he made that request on February 3 and went on leave ten days later. He has not identified the person to whom he made this request, or explained how that person responded. The employer's alleged failure to respond to Plaintiff's request may be regrettable, but without more information, that failure, over a ten-day period, is insufficient to establish a violation of the ADA.

| STATEMENT |
|---|
| Defendants made some effort to serve Plaintiff with a copy of the motion to dismiss. Plaintiff appeared in court on September 23 for hearing on this motion, and the court directed him to respond to it within 60 days, on or before November 23. To date, there has been no response. Defendants' motion to dismiss [10] is granted. The complaint is stricken. Plaintiff will have leave to file an amended complaint on or before December 20, 2010. |